Arrest on Out-of-District Offense

FILED 08 MAY 12 PM 4:18

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

## ARREST ON OUT-OF-DISTRICT OFFENSE

'08 MJ 1478

Magistrate Case Number: ____________

The person charged as SUSTAITA, Miguel now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Southeastern Division of the District of North Dakota with Title 21 USC 846, in violation of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances.

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: 5/12/08.

[signature]

Johnnie Medina
(Name)
Deputy United States Marshal

Reviewed and Approved:

Dated: 5/12/08

[signature]

Assistant United States Attorney

AO 442 (Rev. 10/03) Warrant for Arrest

# *United States District Court*

**Southeastern Division - District of North Dakota**

UNITED STATES OF AMERICA

v.

Miguel Sustaita
aka San Pedro Mike

**WARRANT FOR ARREST**

Case Number: 3:06-cr-14-27

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **MIGUEL SUSTAITA** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice

charging him or her with (brief description of offense):

**21 USC 846 Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

in violation of Title United States Code, Section(s)

ROBERT ANSLEY
Name of Issuing Officer

CLERK
Title of Issuing Officer

*/s/ Shelley M. Giauque*
Signature of Issuing Officer - Shelley M. Giauque

December 11, 2007, - Fargo, North Dakota
Date and Location

Bail Fixed at $ **(BOND TO BE DETERMINED AT INITIAL APPEARANCE BEFORE JUDICIAL OFFICER)**

BY ______________________
Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at ______________

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-vs-<br><br>JORGE MANUEL ARANDAS,<br>a/k/a SNEAKY;<br>IGNACIO MENDOZA VASQUEZ,<br>a/k/a NACHO;<br>JESSICA RAMIREZ;<br>VANESSA GALVAN;<br>DEMETRIO ALVARADO;<br>TIMOTHY LEE JOHNSON;<br>ROSE MARY SANDERSON;<br>a/k/a ROSE MARY CAMPION;<br>JESSE TODD JONGEWARD,<br>a/k/a CAPTAIN;<br>LARAE IRENE BELGARDE,<br>a/k/a LARAE IRENE WILLIAMS,<br>a/k/a LARAE IRENE LINDGREN;<br>SALLI GENE McCOLLUM,<br>a/k/a SALLI GENE GEINGER;<br>SUMMER LEE JOHNSON;<br>ERIK LEE MADRID, a/k/a JULIO;<br>BRUCE ANTHONY LORENZEN;<br>CHRISTOPHER MICHAEL VANHEEL;<br>KENNETH MICHAEL MEDENWALD JR.,<br>a/k/a BUZZ;<br>TIMOTHY FREDRICK BAUMAN;<br>GABRIEL MARTINEZ;<br>ALAN MICHAEL WESSELS;<br>MARTIN CARRILLO;<br>FERNANDO ANDREW TAPIA;<br>NOE ADOLFO MIRELES;<br>DARRELL JAMES SJOTHUN;<br>RAMON HERNANDEZ MARTINEZ,<br>a/k/a RAZOR;<br>MICHAEL TODD WRIGHT;<br>BECKY STARR WILLISON;<br>KERI ANN BRANDT;<br>MIGUEL SUSTAITA,<br>a/k/a SAN PEDRO MIKE; and<br>RAMON REYES JR. | <u>FIFTH SUPERSEDING INDICTMENT</u><br><br>Case No. 3:06-cr-14<br><br>Violation: 21 U.S.C. §§ 841(a)(1), 846, 848(a), 848(b)(1), 848(b)(2)(A), 848(c), 848(e)(1)(A), and 853; and 18 U.S.C. §§ 371, 751(a), 752(a), 922(g)(1), 924(a)(2), 924(c)(1)(A), 924(j)(1), 1503(a), 1512(b)(1), 1512(i), 1512(j), 1512(k), 1956(h), 3147, 3591(b)(1), and 2 |

CERTIFIED COPY
I hereby certify that this instrument is a true and correct copy of the electronically filed original.
ATTEST:
EDWARD J. KLECKER, CLERK
United States District Court
District of North Dakota

By [signature] Deputy Clerk

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From on or about January 1, 2002, and continuously until the date of this Superseding Indictment, in the District of North Dakota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY;
IGNACIO MENDOZA VASQUEZ, a/k/a NACHO;
DEMETRIO ALVARADO;
TIMOTHY LEE JOHNSON;
ROSE MARY SANDERSON, a/k/a ROSE MARY CAMPION;
JESSE TODD JONGEWARD, a/k/a CAPTAIN;
LARAE IRENE BELGARDE,
a/k/a LARAE IRENE WILLIAMS, a/k/a LARAE IRENE LINDGREN;
SALLI GENE McCOLLUM, a/k/a SALLIE GENE GEINGER;
SUMMER LEE JOHNSON;
ERIK LEE MADRID, a/k/a JULIO;
BRUCE ANTHONY LORENZEN;
CHRISTOPHER MICHAEL VANHEEL;
KENNETH MICHAEL MEDENWALD JR., a/k/a BUZZ;
TIMOTHY FREDRICK BAUMAN;
GABRIEL MARTINEZ;
ALAN MICHAEL WESSELS;
MARTIN CARRILLO;
FERNANDO ANDREW TAPIA;
NOE ADOLFO MIRELES;
DARRELL JAMES SJOTHUN; and
MIGUEL SUSTAITA, a/k/a SAN PEDRO MIKE

did knowingly and intentionally combine, conspire, confederate, and agree together with Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones; Soledad Ybarra, a/k/a Chole; Francisca Avila Vargas, a/k/a Poncha, a/k/a Mama; Anthony Hector Valdez; Lacy

Kathryn Johnson; and Jonathan Olbay Meyer, currently indicted in the District of North Dakota, Southeastern Division, Case No. 3:05-cr-101; John Malcolm Scully, Jr., a/k/a Bugsy, currently indicted in the District of North Dakota, Southeastern Division, Case No. 3:05-cr-162 and others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Nebraska, Washington, California, and elsewhere.

2. It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute cocaine, a Schedule II controlled

substance, and marijuana, a Schedule I controlled substance, within the states of North Dakota, Minnesota, Nebraska, Washington, California, and elsewhere.

3. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

4. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

5. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

6. During the course of said conspiracy, members of the conspiracy, both known and unknown to the grand jury, transferred and arranged the transfer of methamphetamine and marijuana from Mexico, Washington, California, and elsewhere to the Red River Valley area for distribution.

7. It was further a part of said conspiracy that the defendants and others would and did use violence and the threat of violence to promote their drug trafficking activities, including, but not limited to, murder and assault.

8. During the course of and to further said conspiracy, members of the conspiracy, through the use of money wires, transferred, received, and arranged to have United States currency transferred and received to and from various locations.

9. It was further a part of said conspiracy that motor vehicles were exchanged for controlled substances.

10. It was further a part of said conspiracy that firearms were exchanged for controlled substances.

11. Members of the conspiracy, including but not limited to, JORGE ARANDAS, a/k/a SNEAKY, and LARAE IRENE BELGARDE, a/k/a LARAE IRENE WILLIAMS, a/k/a LARAE IRENE LINDGREN, used juveniles to assist in the distribution of controlled substances and distributed controlled substances to juveniles.

12. During the course of this conspiracy, in excess of 30,000 grams (30 kilograms) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, was distributed in the Red River Valley area of North Dakota and Minnesota by members of the conspiracy;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

**Money Laundering Conspiracy to Conceal and Disguise Nature, Location, Ownership, and Control of Proceeds of Specified Unlawful Activity**

The Grand Jury Further Charges:

From on or about January 1, 2002, and continuously until the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, Washington, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY;
DEMETRIO ALVARADO;
JESSICA RAMIREZ; and
VANESSA GALVAN

did knowingly and willfully combine, conspire, confederate, and agree together with Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, and Soledad Ybarra, a/k/a Chole, currently indicted in the District of North Dakota, Southeastern Division, Case No. 3:05-cr-101, and others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), in that members of the conspiracy did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), et seq., knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(h).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. During the course of and to further said conspiracy, members of the conspiracy gathered United States currency together that was derived from the sale of controlled substances.

2. During the course of and to further said conspiracy, members of the conspiracy engaged in the process of "changing bills," exchanging smaller denominations of United States currency for larger denominations, in order to facilitate the transportation of currency to Washington State.

3. During the course of and to further said conspiracy, members of the conspiracy used bank accounts in North Dakota to deposit drug proceeds and transfer currency from North Dakota to various bank accounts in Washington State.

4. During the course of and to further said conspiracy, members of the conspiracy and through the use of third-parties, wired money derived from the sale of controlled substances to individuals in Washington State and Mexico.

5. The purpose of transferring currency using the above-described methods was to conceal and disguise the nature, source, ownership, and control of the proceeds of drug trafficking.

6. The specific financial transactions include, but are not limited to:

a) A deposit of $8,500 on March 14, 2003, to U.S. Bank Account No. xxxxxxxx2260 in North Dakota and a withdrawal of $8,500 on March 14, 2003, from U.S. Bank Account No. xxxxxxxx2260 in Washington.

b) A deposit of $8,100 on April 2, 2003, to U.S. Bank Account No. xxxxxxxx2260 in North Dakota and a withdrawal of $8,000 on April 2, 2003, from U.S. Bank Account No. xxxxxxxx2260 in Washington.

c) A deposit of $8,500 on April 7, 2003, to U.S. Bank Account No. xxxxxxxx2260 in North Dakota and withdrawals of $4,000 and $4,500 on April 7, 2003, from U.S. Bank Account No. xxxxxxxx2260 in Washington.

d) A deposit of $7,000 on June 30, 2003, to U.S. Bank Account No. xxxxxxxx5070 in North Dakota and a withdrawal of $7,000 on June 30, 2003, from U.S. Bank Account No. xxxxxxxx5070 in Washington.

e) Deposits of $1,000; $4,000; $4,000; and $4,400 on July 1, 2003, and July 7, 2003, to U.S. Bank Account No. xxxxxxxx5719 in North Dakota and a withdrawal of $7,800 on July 9, 2003, from U.S. Bank Account No. xxxxxxxx5719 in Washington.

f) A deposit of $5,000 on July 16, 2003, to U.S. Bank Account No. xxxxxxxx5719 in North Dakota and a withdrawal of $5,000 on July 17, 2003, from U.S. Bank Account No. xxxxxxxx5719 in Washington.

g) A deposit of $8,100 on July 25, 2003, to U.S. Bank Account No. xxxxxxxx5719 in North Dakota and a withdrawal of $8,000 on July 28, 2003, from U.S. Bank Account No. xxxxxxxx5719 in Washington.

h) A deposit of $8,000 on August 18, 2003, to U.S. Bank Account No. xxxxxxxx5070 in North Dakota and a withdrawal of $7,860 on August 18, 2003, from U.S. Bank Account No. xxxxxxxx5070 in Washington.

i) A deposit of $8,500 on August 25, 2003, to U.S. Bank Account No. xxxxxxxx6679 in North Dakota and a withdrawal of $8,000 on August 25, 2003, from U.S. Bank Account No. xxxxxxxx6679 in Washington.

j) A deposit of $8,500 on August 26, 2003, to U.S. Bank Account No. xxxxxxxx0699 in North Dakota and a withdrawal of $8,500 on August 26, 2003, from U.S. Bank Account No. xxxxxxxx0699 in Washington.

k) A deposit of $8,000 on September 23, 2003, to U.S. Bank Account No. xxxxxxxx0699 in North Dakota and a withdrawal of $7,850 on September 23, 2003, from U.S. Bank Account No. xxxxxxxx0699 in Washington.

l) A deposit of $4,000 on September 23, 2003, to U.S. Bank Account No. xxxxxxxx6679 in North Dakota and a withdrawal of $4,000 on September 23, 2003, from U.S. Bank Account No. xxxxxxxx6679 in Washington.

m) Deposits of $7,000 and $9,000 on August 1, 2003, and August 5, 2003, to U.S. Bank Account No. xxxxxxxx5719 in North Dakota and a transfer of $2,000 on September 15, 2003, to U.S. Bank Account No. xxxxxxxxx5889 and a withdrawal of $13,025.29 on September 29, 2003, from U.S. Bank Account No. xxxxxxxx5719 in Washington.

n) A $2000.00 Western Union Money Wire #3490739054 from Moorhead, Minnesota, to Rosarito, Mexico, dated June 5, 2005.

o) A $1000.00 Western Union Money Wire #3701249014 from Moorhead, Minnesota, to Rosarito, Mexico, dated June 15, 2005;

In violation of Title 18, United States Code, Section 1956(h).

COUNT THREE

**Money Laundering Conspiracy to Promote Specified Unlawful Activity**

The Grand Jury Further Charges:

From on or about January 1, 2002, and continuously until the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, Washington, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY, and
DEMETRIO ALVARADO

did knowingly and willfully combine, conspire, confederate, and agree together with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(A)(i), in that members of the conspiracy did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce as described below, to promote a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), et seq., knowing that the transactions were designed in whole and in part to promote the distribution of controlled substances, in violation of Title 18, United States Code, Section 1956(h).

1. During the course of and to further said conspiracy, members of the conspiracy used money derived from the sale of controlled substances to purchase the following vehicle:

2002 Black Lincoln LS - VIN 1LNHM86SX2Y615315.

2. During the course of and to further said conspiracy, members of the conspiracy conducted the following financial transactions related to the 2002 Black Lincoln LS - VIN 1LNHM86SX2Y615315:

a) Purchase of vehicle on or about July 12, 2003, for $8,002.75.

b) Repairs for vehicle on or about November 15, 2003, and March 11, 2004, for a total of $17,152.46.

3. The 2002 Black Lincoln LS - VIN 1LNHM86SX2Y615315 has been used to facilitate the drug trafficking conspiracy as alleged throughout this Superseding Indictment to include, but not limited to:

a) The vehicle has been used to hold or conceal controlled substances.

b) The vehicle was used in the shooting of O.A. alleged in Count Five of this Superseding Indictment;

In violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

In or about December 2003, in the District of North Dakota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY, and
IGNACIO MENDOZA VASQUEZ, a/k/a NACHO,

knowingly and intentionally distributed approximately five (5) pounds of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Wahpeton, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

### Use of a Firearm During a Drug Trafficking Crime

The Grand Jury Further Charges:

On or about March 28, 2004, in the Eastern District of Washington,

JORGE MANUEL ARANDAS, a/k/a SNEAKY,

did knowingly use, carry, possess, brandish, and discharge a firearm during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute and distribute controlled substances, as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SIX

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about May 2, 2004, in the District of North Dakota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY,

knowingly and intentionally distributed approximately three (3) pounds of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Sanborn, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT SEVEN

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

On or about May 2, 2004, in the District of North Dakota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY,

knowingly and intentionally distributed approximately 93 pounds of marijuana, a Schedule I controlled substance, in Sanborn, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

COUNT EIGHT

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about August 6, 2004, in the District of Minnesota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY,

knowingly and intentionally possessed with intent to distribute approximately 978 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT NINE

**Possession of a Firearm During a Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about April/May 2005, in the District of Nebraska,

FERNANDO ANDREW TAPIA

did knowingly possess a firearm during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute and distribute controlled substances, as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TEN

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

In or about May 2005, in the District of North Dakota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY, and
GABRIEL MARTINEZ

knowingly and intentionally possessed with intent to distribute approximately five (5) pounds of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT ELEVEN

**Possession of a Firearm During a Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about May and June 2005, in the District of North Dakota,

FERNANDO ANDREW TAPIA

did knowingly possess a firearm during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute and distribute controlled substances, as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT TWELVE

**Possession of a Firearm by a Convicted Felon**

The Grand Jury Further Charges:

In or about May and June 2005, in the District of North Dakota, and elsewhere,

FERNANDO ANDREW TAPIA

having been convicted of the following crimes, each punishable by imprisonment for a term exceeding one year: (1) Robbery, in violation of the Nebraska Code, Section 28-324, and Use of a Deadly Weapon to Commit a Felony, in violation of the Nebraska Code, Section 28-105, in Buffalo County, State of Nebraska, Court File Number CR-0064, on September 29, 2006; and (2) Robbery, in violation of the Nebraska Code, Section 28-324, in Dawson County, State of Nebraska, Court File Number CR00-64, on November 6, 2000, did knowingly possess in and affecting commerce a firearm, specifically, a Llama, .45 caliber pistol, bearing serial number 71-04-03226, in Fargo, North Dakota;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THIRTEEN

**Distribution of a Controlled Substance**

The Grand Jury Further Charges:

In or about December 2005, in the District of North Dakota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY,

knowingly and intentionally distributed approximately three (3) pounds of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

**Continuing Criminal Enterprise**

The Grand Jury Further Charges:

From on or about January 1, 2002, and continuously until the date of this Superseding Indictment, in the Districts of North Dakota, Minnesota, Nebraska, California, Washington, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY,

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that he did violate Title 21, United States Code, Sections 841(a)(1), 843(b), 846 and 848(e) including, but not limited to, the violations alleged in Counts Four, Five, Six, Seven, Eight, Ten, Thirteen, and Sixteen of this Superseding Indictment. These counts are incorporated herein by reference. The above-described violations were, and are, part of a continuing series of violations which include, but are not limited to:

a. JORGE MANUEL ARANDAS, a/k/a SNEAKY, knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured indicted co-conspirator Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, to engage in the following transactions:

1. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, on multiple and separate occasions, distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, to indicted co-conspirator T.G.L. in Cass County, North Dakota, and elsewhere, during the time frame of the enterprise.

2. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, on multiple and separate occasions, distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to indicted co-conspirator J.E.B. in Cass County, North Dakota, and elsewhere, during the time frame of the enterprise.

3. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, on multiple and separate occasions, distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to indicted co-conspirator T.B.F. in Richland County, North Dakota, and elsewhere, during the time frame of the enterprise.

4. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, on multiple and separate occasions, distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, to co-conspirator T.R. in Richland County, North Dakota, and elsewhere, during the time frame of the enterprise.

5. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, on multiple and separate occasions, distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance,

to co-conspirator S.B. in Richland County, North Dakota, and elsewhere, during the time frame of the enterprise.

6. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, used on multiple occasions, a residence in Fargo, North Dakota, (Residence #1), to store and possess a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with intent to distribute it, during the time frame of the enterprise.

7. Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, used on multiple occasions, a residence in Fargo, North Dakota, (Residence #2), to store and possess a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with intent to distribute it, during the time frame of the enterprise.

8. In or about December 2003, at a residence in Wahpeton, North Dakota, (Residence #3), Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, possessed approximately five (5) pounds of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with intent to distribute it after receiving it from unindicted co-conspirator H. K. J., indicted co-conspirator A. S. G., and IGNACIO MENDOZA VASQUEZ, a/k/a NACHO.

9. In or about June 2004, Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, possessed approximately one (1) pound of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, with intent to distribute it after receiving it from indicted co-conspirator A. M. in Moorhead, Minnesota.

10. In or about August 2004, Michael Alan Petzold, a/k/a MP, a/k/a Mike Jones, possessed approximately one (1) pound of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, with intent to distribute it after receiving it from indicted co-conspirator A.M. in Moorhead, Minnesota.

b. JORGE MANUEL ARANDAS, a/k/a SNEAKY, knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured another person(s) to unlawfully use a communication facility to facilitate the drug trafficking conspiracy in Count One of this Superseding Indictment including, but not limited to, the following separate and distinct violations:

1. A $1000.00 Western Union Money Wire #9061677428 from Fergus Falls, Minnesota, to Wapato, Washington, dated January 12, 2003.

2. A $1400.00 Western Union Money Wire #7527634368 from Wahpeton, North Dakota, to Wapato, Washington, dated January 19, 2003.

3. A $600.00 Western Union Money Wire #7527670118 from Wahpeton, North Dakota, to Yakima, Washington, dated January 30, 2003.

4. A $500.00 Western Union Money Wire #5538346517 from Wahpeton, North Dakota, to Yakima, Washington, on December 5, 2003.

5. A $1000 Western Union Money Wire #3545792371 from Wahpeton, North Dakota, to Yakima, Washington, dated December 6, 2003.

6. A $1250.00 Western Union Money Wire #4605136149 from Wahpeton, North Dakota, to Yakima, Washington, dated December 24, 2003.

7. A $2000.00 Western Union Money Wire #3490739054 from Moorhead, Minnesota, to Rosarito, Mexico, dated June 5, 2005.

8. A $1000.00 Western Union Money Wire #3701249014 from Moorhead, Minnesota, to Rosarito, Mexico, dated June 15, 2005.

9. The facilitation and commission of all bank deposits and withdrawals alleged in Count Two of this Superseding Indictment. These are incorporated herein by reference.

These continuing series of violations were undertaken by defendant JORGE MANUEL ARANDAS, a/k/a SNEAKY, in concert with at least five other persons with respect to whom defendant JORGE MANUEL ARANDAS, a/k/a SNEAKY, occupied a position of organizer, supervisor, and manager including, but not limited to, the following individuals: (1) Michael Alan Petzold., a/k/a MP, a/k/a Mike Jones; (2) A.S.G.;

(3) H.K.J.; (4) G.L.; (5) JESSICA RAMIREZ; (6) L.M.; (7) DEMETRIO ALVARADO; (8) IGNACIO MENDOZA VASQUEZ, a/k/a NACHO; (9) M.S.; (10) J.L.V.; (11) Anthony Hector Valdez; (12) J.L.L.; and (13) L.A.L.

From these continuing series of violations, defendant JORGE MANUEL ARANDAS, a/k/a SNEAKY, obtained substantial income. As part of this Continuing Criminal Enterprise, at least 30,000 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, was distributed;

In violation of Title 21, United States Code, Sections 848(a), 848(b)(1), 848(b)(2)(A), and 848(c), and Title 18, United States Code, Sections 3591(b)(1) and 2.

COUNT FIFTEEN

**Death Caused by Use of a Firearm During a Crime of Violence**

The Grand Jury Further Charges:

On or about June 30, 2005, in the Districts of North Dakota, Minnesota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY;
GABRIEL MARTINEZ;
ALAN MICHAEL WESSELS; and
MARTIN CARILLO

did aid, abet, counsel, command, induce, procure and cause the death of a human being, to wit: Lee Avila, in the course of committing a violation of Title 18, United States Code, Section 924(c)(1), did knowingly use a firearm, during and in relation to drug trafficking crimes and a crime of violence for which they may be prosecuted in a court of the United States, that is: conspiracy to possess with intent to distribute and distribute controlled substances, as alleged in Count One of this Superseding Indictment, continuing criminal enterprise as alleged against defendant JORGE MANUEL ARANDAS, a/k/a SNEAKY, in Count Fourteen of this Superseding Indictment, and murder in furtherance in of a continuing criminal enterprise as alleged against defendants JORGE MANUEL ARANDAS, a/k/a SNEAKY, and GABRIEL MARTINEZ in Count Sixteen of this Superseding Indictment, and the killing was murder as defined in Title 18, United States Code, Section 1111, in that with malice aforethought, unlawfully, willfully,

deliberately, maliciously, and with premeditation, shot and killed Lee Avila with a firearm;

In violation of Title 18, United States Code, Sections 924(j)(1) and 2; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT SIXTEEN

**Murder in Furtherance of a Continuing Criminal Enterprise**

On or about June 30, 2005, in the Districts of North Dakota, Minnesota, and elsewhere,

JORGE MANUEL ARANDAS, a/k/a SNEAKY, and
GABRIEL MARTINEZ,

while engaging in and working in furtherance of a continuing criminal enterprise punishable under 21 U.S.C. § 848, and while engaging in a controlled substance offense punishable under 21 U.S.C. § 841(b)(1)(A), to wit: continuing criminal enterprise as alleged in Count Fourteen of this Superseding Indictment, and conspiracy to possess with intent to distribute and distribute controlled substances as alleged in Count One of this Superseding Indictment, intentionally killed, counseled, commanded, induced, procured, and caused the intentional killing of Lee Avila;

In violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

### Use of a Firearm During a Drug Trafficking Crime

The Grand Jury Further Charges:

In or about February 2005, in the District of North Dakota, and elsewhere,

ALAN MICHAEL WESSELS

did knowingly use, possess, carry, and brandish a firearm during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute and distribute controlled substances, as set forth in Count One above;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT EIGHTEEN

**Attempted Escape from Custody**

The Grand Jury Further Charges:

On or about September 6, 2007, through September 13, 2007, in the District of North Dakota,

GABRIEL MARTINEZ

did knowingly attempt to escape from custody under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate wherein he was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 3:06-cr-14-17, pending in the District of North Dakota;

In violation of Title 18, United States Code, Sections 751(a) and 2.

## COUNT NINETEEN

**Attempted Escape from Custody**

The Grand Jury Further Charges:

On or about September 6, 2007, through September 13, 2007, in the District of North Dakota,

RAMON HERNANDEZ MARTINEZ, a/k/a RAZOR,

did knowingly attempt to escape from custody under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate wherein he was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 3:06-cr-45-01, pending in the District of North Dakota;

In violation of Title 18, United States Code, Sections 751(a) and 2.

COUNT TWENTY

**Attempted Escape from Custody**

The Grand Jury Further Charges:

On or about September 6, 2007, through September 13, 2007, in the District of North Dakota,

MICHAEL TODD WRIGHT

did knowingly attempt to escape from custody under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate wherein he was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 2:07-cr-20, pending in the District of North Dakota;

In violation of Title 18, United States Code, Sections 751(a) and 2.

COUNT TWENTY-ONE

**Conspiracy to Escape from Custody**

The Grand Jury Further Charges:

On or about September 6, 2007, through September 13, 2007, in the District of North Dakota, and elsewhere,

GABRIEL MARTINEZ;
RAMON HERNANDEZ MARTINEZ, a/k/a RAZOR;
MICHAEL TODD WRIGHT;
BECKY STARR WILLISON; and
KERI ANN BRANDT,

together and with others, both known and unknown to the grand jury, did unlawfully, willfully and knowingly combine, conspire, confederate, and agree among themselves and each other to commit certain offenses against the United States as follows:

1. To effect the escape of GABRIEL MARTINEZ, who was in custody under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate wherein he was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 3:06-cr-14-17, pending in the District of North Dakota, in violation of Title 18, United States Code, Sections 751(a) and 2.

2. To effect the escape of RAMON HERNANDEZ MARTINEZ, a/k/a RAZOR, who was in custody under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate wherein he was held by virtue of his lawful

arrest for a felony offense, specifically for Case No. 3:06-cr-45-01, pending in the District of North Dakota, in violation of Title 18, United States Code, Sections 751(a) and 2.

3. To effect the escape of MICHAEL TODD WRIGHT, who was in custody under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate wherein he was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 2:07-cr-20, pending in the District of North Dakota, in violation of Title 18, United States Code, Sections 751(a) and 2.

OVERT ACTS

a. GABRIEL MARTINEZ offered to pay United States currency to co-conspirators MICHAEL TODD WRIGHT and BECKY STARR WILLISON to assist GABRIEL MARTINEZ and RAMON HERNANDEZ MARTINEZ, a/k/a RAZOR, escape from custody at the North Central Correction and Rehabilitation Center in Rugby, North Dakota.

b. BECKY STARR WILLISON and KERI ANN BRANDT obtained hacksaw blades to facilitate the escape of GABRIEL MARTINEZ, RAMON HERNANDEZ MARTINEZ, a/k/a RAZOR, and MICHAEL TODD WRIGHT.

c. BECKY STARR WILLISON smuggled hacksaw blades into the North Central Correction and Rehabilitation Center in Rugby, North Dakota.

d. Members of the conspiracy used the hacksaw blades to cut through a window in the correctional facility;

In violation of Title 18, United States Code, Section 371.

COUNT TWENTY-TWO

**Assisting an Attempted Escape from Custody**

The Grand Jury Further Charges:

On or about September 6, 2007, through September 13, 2007, in the District of North Dakota,

BECKY STARR WILLISON and
KERI ANN BRANDT

did knowingly instigate, aid, and assist in the attempt to escape from custody GABRIEL MARTINEZ, who under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 3:06-cr-14-17, pending in the District of North Dakota;

In violation of Title 18, United States Code, Sections 752(a) and 2.

## COUNT TWENTY-THREE

**Assisting an Attempted Escape from Custody**

The Grand Jury Further Charges:

On or about September 6, 2007, through September 13, 2007, in the District of North Dakota,

BECKY STARR WILLISON and
KERI ANN BRANDT

did knowingly instigate, aid, and assist in the attempt to escape from custody RAMON HERNANDEZ MARTINEZ, a/k/a RAZOR, who under and by virtue of any process issued under the laws of the United States by any court, judge, and magistrate was held by virtue of his lawful arrest for a felony offense, specifically for Case No. 3:06-cr-45-01, pending in the District of North Dakota;

In violation of Title 18, United States Code, Sections 752(a) and 2.